UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERELL VIERA,

                           Plaintiff,

        v.

ANTHONY ANNUCCI, et al.,

                           Defendants.
_____

REPORT & RECOMMENDATION

17-CV-6844W

## PRELIMINARY STATEMENT

*Pro se* plaintiff Terell Viera ("Viera") initiated the above-captioned mater on December 7, 2017 by filing a complaint pursuant to 42 U.S.C. § 1983. (Docket # 1). The court screened Viera's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and allowed certain claims to proceed but dismissed his claim challenging the constitutionality of New York State Department of Corrections and Community Supervision ("DOCCS") Directive 4422. (Docket # 5). Currently before this Court is Viera's motion for leave to amend his complaint. (Docket # 22). According to Viera, he seeks to "remove a defendant [Carmack] and to join pa[r]ties, and to add sworn factual allegations to support each claim[] raised in [the] original complaint." (*Id.* at 3). His proposed amended complaint also identifies the previously-named John Doe defendant as D. Caporiccio. (Docket # 22-2 at ¶ 8). Defendants do not oppose Viera's motion to amend his complaint. (*See* Docket # 26).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Rule 8(a) of the Federal

Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

In addition, when considering whether to permit the inclusion of additional parties, Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Zielinski v. Annucci*, 2019 WL 2870337, *7 (N.D.N.Y.) ("[t]he requirements of Rule 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief or against different parties to be tried in a single proceeding"), *report and recommendation adopted by*, 2019 WL 2869608 (N.D.N.Y. 2019); *Myers v. Dolac*, 2011 WL 4553107, *2 (W.D.N.Y. 2011) (same).

In evaluating a motion to amend, the court should carefully consider whether the non-moving party would be prejudiced by such amendment. According to the Second Circuit, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

Defendants do not oppose the instant motion, which seeks leave to add new defendants and new factual allegations. (Docket # 26). Generally, the proposed amendments are consistent with the terms of Rules 15, 16 and 20 of the Federal Rules of Civil Procedure and should be permitted to proceed, except that Viera should not be permitted to add A. Lowe as a defendant or to reassert his previously-dismissed challenge to the constitutionality of DOCCS Directive 4422.

With respect to the defendants named in Viera's proposed amended complaint, a comparison of the proposed pleading with his original complaint reveals that Viera seeks to substitute defendant Bates for defendant Carmack (*compare* Docket ## 22-2 at ¶¶ 17, 19, 22 *with* Docket # 1 at ¶¶ 19, 21, 23); identify the previously-named John Doe defendant as D. Caporiccio (*compare* Docket # 22-2 at ¶ 32 *with* Docket # 1 at ¶ 31); add T. Lepkowski as a defendant based upon allegations that he was made aware of and responded in writing to Viera's complaint about interference with his mail (*see* Docket # 22-2 at ¶ 26); add A. Lowe as a defendant based upon the conclusory allegation that she "is liable for her direct conduct [as a] supervisor mentioned herein" (*id.* at ¶ 9). The proposed pleading, however, contains no additional allegations naming or specifically relating to Lowe. The sparse allegations against Lowe are insufficient to state a claim of Section 1983 personal involvement, and I thus recommend that Viera not be permitted to add Lowe as a defendant. *See, e.g.*, *Kallinikos v. New York State Dep't. of Corr. and Cmty. Supervision*, 2019 WL 3216769, *10 (E.D.N.Y. 2019) ("[p]laintiff has not, however, alleged any facts about the individual defendants' personal involvement in the 2016 interview related to her intra-agency transfer . . . or the . . . failures to promote her . . . [,] and therefore, her § 1983

claims against them based on those incidents must be dismissed"); *Zielinski v. Annucci*, 2019 WL 2870337 at *9 ("[w]ith respect to individuals who . . . are sued in their individual capacities as supervisors, it is well-established that they cannot be liable for damages under section 1983 solely by virtue of being a supervisor") (citing *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003)); *Stewart v. Sheahan*, 2018 WL 5634869, *2 (W.D.N.Y. 2018) (dismissing Section 1983 claims against supervisory official for failing to sufficiently allege personal involvement; "to establish § 1983 liability against a[] [supervisory] official, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation[;] [i]t is insufficient to allege that a defendant is a link in the chain of command").

With respect to the allegations concerning the constitutionality of DOCCS Directive 4422, the district court has already determined that "[t]o the extent that [Viera] is challenging the constitutionality of Directive 4422, such claim is without merit" and dismissed Viera's claim against Acting Commissioner Anthony Annucci for "promulgat[ing]" Directive 4422. (Docket # 5 at 7). Viera did not move for reconsideration of that determination, and his motion to amend may not be used to circumvent the proper procedures for doing so. Accordingly, I recommend that Viera be denied leave to amend his complaint to challenge the constitutionality of the directive.

Finally, Viera seeks to add defendants to, and modify his factual allegations concerning, his causes of action for interference with his mail and denial of access to the courts. (Docket # 22-2 at ¶¶ 13-38). Considering the court's previous determination that these claims in his original complaint satisfy the criteria of 28 U.S.C. §§ 1915(e) and 1915A, the absence of any opposition to Viera's pending motion to amend, and the presumption that leave to amend be "freely give[n]," Fed. R. Civ. P. 15(a), I find that his proposed modifications and additions

should be permitted except as noted above. Specifically, I recommend that the district court grant Viera permission to add the newly-named defendants with the exception of A. Lowe; to remove defendant Carmack and to dismiss Viera's claims against him; and to modify the factual assertions on the complaint, except that he should not be permitted to include paragraphs 20, 27, 28 or 34 or the first clauses of the first sentences of paragraphs 17 and 25 – which challenge the constitutionality of Directive 4422.

## CONCLUSION

For the foregoing reasons, it is my recommendation that plaintiff's motion for leave to file an amended complaint **(Docket # 22)** be **GRANTED in part and DENIED in part**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August 8, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                         MARIAN W. PAYSON
                                     United States Magistrate Judge

Dated: Rochester, New York
          August 8, 2019