UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERELL VIERA,

        Plaintiff,

v.

M. SHEAHAN, THOMAS LEPKOWSKI,
CHANTIL J. BATES, JOHN A. ROGERS,
and DYLAN J. CAPORICCIO,

        Defendants.
_____

**DECISION AND ORDER**

6:17-CV-06844 EAW

## BACKGROUND

On January 25, 2019, this case was referred for all pretrial matters except dispositive motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636. (Dkt. 14). On June 21, 2019, Plaintiff Terell Viera ("Plaintiff") filed a motion to amend his Complaint. (Dkt. 22). Defendants did not oppose the motion. (Dkt. 26). On August 8, 2019, Judge Payson entered a Report and Recommendation recommending that Plaintiff's motion be granted in part and denied in part. (Dkt. 27) (the "R&R"). No objections were filed to the R&R, and on November 18, 2019, the Court adopted the R&R in its entirety and granted Plaintiff leave to file an Amended Complaint consistent with the parameters set forth in the R&R. (Dkt. 36). Familiarity with the R&R and the Court's Decision and Order adopting it are assumed for purposes of this Decision and Order.

On January 24, 2020, Plaintiff filed an Amended Complaint. (Dkt. 47). However, the Amended Complaint does not comport with the Court's grant of leave to amend. In

- 1 -

particular, Plaintiff has included facts in his Amended Complaint that were not included in the proposed amended complaint (Dkt. 22-2) he submitted to the Court (*see* Dkt. 47 at 6). Plaintiff has also included a new cause of action for "mail theft." (*See id.* at 8-9).

Defendants filed a motion on February 6, 2020, asking the Court to dismiss the Amended Complaint and to order Plaintiff to file an amended complaint that is consistent with the Court's grant of leave to amend. (Dkt. 48). Plaintiff filed his opposition to Defendants' motion on March 25, 2020. (Dkt. 52).

For the reasons set forth below, the Court grants Defendants' motion to the extent that the Amended Complaint is dismissed. The Court further instructs the Clerk of Court to file Plaintiff's proposed amended complaint (Dkt. 22-2) as a Second Amended Complaint and *sua sponte* strikes therefrom the portions as to which leave to amend was denied.

## DISCUSSION

District courts in the Second Circuit "routinely dismiss[] claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). Here, since Plaintiff has included in the Amended Complaint factual allegations and a claim that clearly exceed the scope of his leave to amend, the Court would be justified in dismissing those portions of the Amended Complaint. *See MacIntyre v. Moore*, 335 F. Supp. 3d 402, 410 (W.D.N.Y. 2018).

However, in light of Plaintiff's *pro se* status, the Court declines to dismiss the Amended Complaint, or any portions thereof, solely on the basis that Plaintiff has exceeded the scope of his leave to amend. *See id.* (collecting cases). Instead, the Court treats the filing of the Amended Complaint as a further request to amend, and considers the request on the merits.

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Two provisions of the Federal Rules of Civil Procedure guide the Court's analysis of a motion for leave to amend where the deadline for such motions, as set forth in a scheduling order, has passed. The first is Rule 15(a)(2), which provides that once the time for leave to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The second is Rule 16(b)(4), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted). "In determining whether a movant has satisfied the 'good cause' standard under Rule 16(b), 'the primary consideration is whether the moving party can demonstrate diligence.'" *Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp.

3d 242, 254 (S.D.N.Y. 2018) (quoting *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).  Additionally, in considering whether to allow amendment, the Court should consider whether the proposed amendments are futile.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

Here, Judge Payson set a deadline of June 14, 2019, for any motions to amend the pleadings. (Dkt. 16).  Plaintiff's Amended Complaint was filed well outside that deadline, and Plaintiff has failed to set forth any reason that would constitute "good cause" for the failure to previously include the amendments he now seeks to make in his proposed amended complaint submitted in connection with his motion for leave to amend.  Moreover, the Court agrees with Defendants that Plaintiff's proposed cause of action for "mail theft" is futile.  (*See* Dkt. 48-1 at 5-6); *see also Pierre v. United States Postal Serv.*, No. 18-CV-7474 (MKB), 2019 WL 653154, at \*3 (E.D.N.Y. Feb. 15, 2019) ("The Court has no jurisdiction to adjudicate Plaintiff's mail fraud/theft claim as the mail theft statutes do not create a private cause of action." ).

For these reasons, the Court finds that the Amended Complaint must be dismissed.  However, the Court will not, as Defendants request, order Plaintiff to file a further amended complaint.  Instead, in order to expedite this matter, the Court instructs the Clerk of Court to docket Plaintiff's proposed amended complaint (Dkt. 22-2) as a Second Amended Complaint.  The Court further *sua sponte* strikes from the Second Amended Complaint the provisions identified in the R&R and the Court's Decision and Order of November 15,

2019—namely, all references to A. Lowe as a defendant, paragraphs 20, 27, 28, and 34, and the first clauses of the first sentences of paragraphs 17 and 25. (*See* Dkt. 36 at 2); *see also Ruffino v. Murphy*, No. 3:09-CV-1287 (VLB), 2009 WL 5064452, at *1 (D. Conn. Dec. 16, 2009) ("[T]he Court will not require the pro se plaintiff to file an amended complaint because doing so would place a significant and unnecessary burden upon him. . . . Therefore, the Court orders that [the paragraphs included in the amended complaint] that relate to dismissed claims, are hereby stricken from the complaint and are not to be considered by any party going forward."); Fed. R. Civ. P. 12(f)(1) (stating that the Court may *sua sponte* strike immaterial matter from a pleading). The identified provisions of the Second Amended Complaint shall not be considered by any party or the Court in any future stage of this proceeding. Defendants shall have 30 days from entry of this Decision and Order to file answers to the Second Amended Complaint.[1]

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion to dismiss (Dkt. 48-1) to the extent that the Amended Complaint is dismissed, but denies Defendants' request that Plaintiff be ordered to file a further amended complaint. The Clerk of Court is directed to file Plaintiff's proposed amended complaint (Dkt. 22-2) as the Second Amended Complaint. The Court *sua sponte* strikes from the Second Amended Complaint all references to A. Lowe as a defendant, paragraphs 20, 27, 28, and 34, and the first clauses

---

[1] In light of this holding, Defendants' request that the Court "hold[] the deadline for dispositive motions in abeyance pending Plaintiff's filing of a valid amended complaint" (Dkt. 48-1 at 6) is denied as moot. Any future requests for adjournment of the deadline for filing dispositive motions should be addressed to Judge Payson.

of the first sentences of paragraphs 17 and 25. Defendants shall answer the Second Amended Complaint within 30 days of entry of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   June 25, 2020
         Rochester, New York